TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX, ss

No. 132040

Jon P. Dresser, Plaintiff(s)

v.

The Town of Framingham, Defendant(s)
et al

A TRUE COPY ATTEST
DEPUTY SHERIFF
Middlesex County
8/29/13
DATE OF SERVICE

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon June A. Narris ............ plaintiff's attorney, whose address is 80 Flanders Rd Suite 101 Westboro MA 01581, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at .................................................................................................................. either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ..................................................
the 29th day of August ..................
................, in the year of our Lord 2013.

............................................
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

COMMONWEALTH OF MASSACHUESTTS

Middlesex, SS

FILED
IN T...
CLE...
FOR THE
JUN 0 3 2013

Superior Court
Civil Action
No. 13-2046

JON P. DRESSER,
Plaintiff.

v.

THE TOWN OF FRAMINGHAM,
JOSE GONCALVES, DONALD SPAULDING,
WAYNE JORDAN, and
UNLKOWN FRAMINGHAM POLICE OFFICERS
Defendants.

COMPLAINT AND JURY DEMAND

8464A000006/03/13CIVIL       240.0C
8464A000006/03/13SURCHARGE    15.0C
8464A000006/03/13SECC         20.0C
8464A000006/03/13SUMMONS      20.0C

## INTRODUCTION

1. This is an action for money damages for violations of the Plaintiff's constitutional rights brought pursuant to 42 U.S.C. section 1983 and related state law, as well as other torts as outlined in the body of the Complaint. Plaintiff Jon P. Dresser alleges that the Defendants used excessive force in effectuating his arrest in violation of the Fourth and Fourteenth Amendment to the United States Constitution and the Massachusetts Civil Rights Act, M.G.L. c. 12, section 111. The Plaintiff further alleges that the Defendant officers conspired to violate his rights under the Fourth and Fourteenth Amendments. As stated, he alleges that the Defendants also committed various other torts as outlined in this complaint. Finally, he alleges the Defendant Town of

Framingham has demonstrated a custom and policy of deliberate indifference to the constitutional rights of its citizens.

## PARTIES

2. Plaintiff Jon P. Dresser is resident of Framingham, Ma.

3. Defendant Officer Jose Gonclaves is a police officer for the Town of Framingham acting under color law at all time relevant to this Complaint, and is sued in his individual capacity as a police officer for the Town of Framingham and as an employee of the Town.

4. Defendant Officer Donald Spaulding is a police officer for the Framingham Police Department, acting under color of law at all time relevant to this Complaint, and is sued in his individual capacity as a police officer for the Town of Framingham and as an employee of the Town.

5. Defendant Officer Wayne Jordan is a police officer for the Framingham Police Department, acting under color of law at all time relevant to this Complaint, and is sued in his individual capacity as a police officer for the Defendant, Town of Framingham and as an employee of the Town.

6. Defendant Unknown Framingham Police Officers are police officers for the Framingham Police Department, acting under color of law at all time relevant to this Complaint, and are sued in their individual capacities as police officers for the Defendant Town of Framingham and as employees of the Town.

8. Defendant Town of Framingham is a municipality duly authorized under the laws of the Commonwealth of Massachusetts and the employer of the Defendant Officers named above.

## FACTS

9. On June 5, 2010, the Plaintiff was employed as a counselor for Work Community Independence located in Waltham, MA.

10. On that same day Plaintiff was in the course of escorting three residents of Work Community Independence to a soccer game located in the Town of Framingham.

11. On that same day Plaintiff stopped at his residence in Framingham for a brief period of time and then planned to head over to the soccer game.

12. On that same day a disgruntled neighbor called the Framingham Police to report the Plaintiff being present at his home with the residents with whose care he was entrusted for the day by his then employer. She alleged the Plaintiff was neglecting the residents in his care.

13. Defendant Officers Wayne Jordan and Jose Goncalves responded to the call from the disgruntled neighbor.

14. The Defendant Officers Wayne Jordan and Jose Goncalves attempted to communicate with the Plaintiff who has been profoundly deaf since birth. The Defendant Officers Wayne Jordan and Jose Goncalves have no training or experience which would enable them to effectively communicate with a deaf

individual, the Officers have no training in American sign language and made no attempt to secure a sign language interpreter prior to placing the Plaintiff under arrest and, in fact, did not procure a sign language interpreter for purposes of communicating with the Plaintiff while at his home, during their alleged investigation and prior to the Plaintiff's arrest.

15. The Defendant Officers Wayne Jordan and Jose Goncalves placed the Plaintiff under arrest for reasons which were not communicated to the Plaintiff in a manner in which he could understand or even perceive. Defendant Officer Gonclaves forcibly placed the Plaintiff, who was at all times cooperative, non resistive and non abusive to the Defendant Officers, in handcuffs, double locked.

16. The handcuffs were so tight that the Plaintiff gestured to the Defendant Officers several times while in the police cruiser and again at the police station, to loosed them, which they failed and/or refused to do.

17. While in the police cruiser, the Plaintiff's wrists and hands became numb and began to turn blue from the tightness of the handcuffs. Plaintiff gestured to the Defendant Officers to loose and/or remove the handcuffs which they refused and/or failed to do.

18. Plaintiff again requested the handcuffs be removed while at the police station. Officer Spaulding, who is reported as the booking officer, failed and/

or refused to remove and/or loosen the handcuffs as requested several times by the Plaintiff.

18. As a result of the Defendant Officers' conduct, the Plaintiff has suffered serious injury to his wrists, has undergone multiple surgeries and has been left with a permanent loss of sensation and use of parts of his wrist and fingers; all of which is extremely detrimental to a person who relies on the ability to move his hands and fingers to communicate.

19. Upon information and belief the Town has no training program to teach officers how to communicate effectively with deaf individuals.

20. This complete failure to train demonstrates deliberate indifference to the constitutional rights of citizens; especially those with hearing impairments.

21. This failure is deliberately indifferent because it is likely that Officers who are not trained how to communicate effectively with deaf individuals will be unable to ascertain the situation from the deaf individual's perspective, will be unable to explain to the deaf individual the nature of the allegations against him, and will therefore be unable to complete a proper and fair investigation; resulting in the apparent rush to judgment in this case and use of unnecessary force.

21. Thus, the lack of training on the part of the Town has, predictably, led to the constitutional violations in this case.

COUNT I

VIOLATION OF 42 U.S.C. 1983 (USE OF FORCE AND ARREST) BY ALL INDIVUDUAL DEFENDANTS

22. The Plaintiff restates the allegations in paragraphs 1 through 47 and incorporates said paragraphs herein as paragraph 22.

23. By the actions described in paragraphs 1 through 21, the Defendants, acting under color of law, deprived the Plaintiff of his right to be free from unreasonable seizures and to be free from the use of excessive force, all in violation of 42 U.S.C. section 1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

## COUNT II
## VIOLATION OF 42 U.S.C. (CONSPIRACY) BY ALL INDIVIDUAL DEFENDANTS

24. The Plaintiff restates the allegations in paragraphs 1 through 23 and incorporates said paragraphs herein as paragraph 24.

25. By the actions described above in paragraphs 1 through 23, the Defendants, acting under color of law, conspired to deprive the Plaintiff of his constitutional rights, in violation of 42 U.S.C. section 1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution. Specifically, the four named Defendants conspired amongst themselves and with unknown offices to use excessive force against the Plaintiff.

## COUNT III
## VIOLATION OF 42 U.S.C. SECTION 1983 BY THE DEFENDANT TOWN OF FRAMINGHAM

26. The Plaintiff restates the allegations in paragraphs 1 through 25 and incorporates said paragraphs herein as paragraph 26.

27. By the actions described above in paragraphs 1 through 25, the Town of Framingham has demonstrated a custom and policy of deliberate indifference to the rights of citizens by:

a. Failing to adequately train its police officers on the use of proper force, arrest procedures, and effective communication with hearing impaired individuals.

b. Tolerating a custom and policy in which officers violate the constitutional rights of citizens through excessive force, unlawful seizures, and failing to secure a proper of means of communicating with deaf individuals prior to and following arrest.

## COUNT IV
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT M.G.L. C. 12, SECTION 111 BY ALL INDIVIDUAL DEFENDANTS

28. The plaintiff restates the allegations in paragraphs 1 through 27 and incorporates said paragraphs herein as paragraph 28.

29. By the actions described above in paragraphs 1 through 27, the Defendants violated the Plaintiff's civil rights through threats, intimidation, and coercion, in violation of M.G.L. c 12, section 111.

## COUNT V
## NEGLIGENCE AGAINST ALL DEFENDANTS
## VIOLTION OF THE MASSACHUSETTS TORT CLAIMS ACT

30. The Plaintiff restates the allegations in paragraphs 1 through 29 and incorporates said paragraphs herein as paragraph 29.

31. By the actions described above in paragraphs 1 through 29, the Defendant Officers acted in grossly negligent and reckless manner as a result of which the Plaintiff was caused to suffer great injury to his body and emotional well being.

32. Plaintiff has as a perquisite to suit made proper presentment to the Town and its designated officials.

## COUNT IV
## ASSAULT

33. The Plaintiff restates the allegations in paragraphs 1 through 32 and incorporates said paragraphs herein as paragraph 32.

34. By the actions described above in paragraphs 1 through 32, the Defendants intended to cause and did cause the Plaintiff to suffer apprehension of an imminent harmful contact.

35. As a direct and proximate result of said actions Plaintiff suffered, and continues to suffer, sever emotional and physical injuries.

## COUNT IIV
## BATTERY

36. The Plaintiff restates the allegations in paragraphs 1 through 35 and incorporates said paragraph herein as paragraph 35.

37. By the actions described above in paragraphs 1 – 37, the Defendants intended to cause and did cause a harmful contact with the Plaintiff's person.

38. Plaintiff did not consent to the Defendants' harmful acts.

39. As a direct and proximate result of said actions Plaintiff suffered and continues to suffer sever emotional and physical injuries.

## COUNT IIIV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST ALL DEFENDANTS

40. The plaintiff restates the allegations in paragraphs 1 through 39 and incorporates said paragraph herein as paragraph 39.

41. Defendant Officers knew or should have known that emotional distress was the likely result of their conduct.

42. The Defendant Officers conduct was extreme and outrageous.

43. The Defendant Officers conduct was the direct and proximate cause of emotion distress experienced by the Plaintiff.

44. The emotional distress sustained by the Plaintiff was severe and warranted medical treatment.

## COUNT IIIV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## AGAINST ALL DEFENDANTS

45. The Plaintiff restates the allegations in paragraphs 1 through 44 and incorporates said paragraph herein as paragraph 44.

46. The Defendant Officers engaged in conduct which they should have realized involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness of bodily injury.

47. The Defendant Officers conduct as described above caused emotional distress to the Plaintiff.

48. The distress caused by the Defendant Officers was of such a nature that might result in illness or bodily harm to the Plaintiff.

**WHEREFORE,** the Plaintiff requests that this Court award:

1. Compensatory damages against all Defendants jointly and severally;

2. Punitive damages against all Defendants;

3. The cost of this action, including reasonable attorney's fees; and,

4. Such other and further relief, as this Court may deem necessary and appropriate.

## DEMAND FOR JURY TRIAL

A jury trial is hereby demanded.


Respectfully submitted,
The Plaintiff, Jon P. Dresser
By his Attorney

June A. Harris
HARRIS ASSOCIATES
80 Flanders Road, Suite 101
Westboro, MA 01581
508-366-3900
BBO 545379

Commonwealth of Massachusetts
County of Middlesex
The Superior Court

CIVIL DOCKET # MICV2013-02046-C
Courtroom Civil C - Ct Rm 610 - 200 TradeCenter, Woburn

RE: **Dresser v Framingham et al**

TO: June A Harris, Esquire
Harris & DiGiovanni LLP
80 Flanders Road
Suite 101
Westborough, MA 01581

## SCHEDULING ORDER FOR A TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue by **05/18/2016**

### STAGES OF LITIGATION            DEADLINES

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 09/01/2013 | 09/01/2013 | |
| Response to the complaint filed (also see MRCP 12) | | 10/01/2013 | |
| All motions under MRCP 12, 19, and 20 | 10/01/2013 | 10/31/2013 | 11/30/2013 |
| All motions under MRCP 15 | 07/28/2014 | 08/27/2014 | 08/27/2014 |
| All discovery requests and depositions served and non-expert depositions completed | 05/24/2015 | | |
| All motions under MRCP 56 | 06/23/2015 | 07/23/2015 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/20/2015 |
| Case shall be resolved and judgment shall issue by **05/18/2016** | | | 05/18/2016 |

- The final pre-trial deadline is <u>not the scheduled date of the conference.</u>
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 06/04/2013

Michael A. Sullivan
Clerk of the Court

Telephone: 781-939-2757

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 --Check website as to status of case: http://ma-trialcourts.org/tcic   4004273 inidoc01 dipacee

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF MIDDLESEX | DOCKET NO. _____ |
|---|---|---|
| PLAINTIFF(S) Jon P. Dresser | | DEFENDANT(S) Town of Framingham, et al |

Type Plaintiff's Attorney name, Address, City/State/Zip
Phone Number and BBO#

Type Defendant's Attorney Name, Address, City/State/Zip
Phone Number (If Known)

June A. Harris, HARRIS ASSOCIATES, 80 Flanders Road, Suite 101, Westboro, MA 01581, BBO 545379

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK    IS THIS A JURY CASE?

E17 Civil Rights Act G L c 12, s 11H - Average Track

[ x ] Yes   [ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses                                              $ 100,000.00
  2. Total doctor expenses                                                $ 25,000.00
  3. Total chiropractic expenses                                          $ _____
  4. Total physical therapy expenses                                      $ _____
  5. Total other expenses (describe)                                      $ _____
                                                              Subtotal    $ _____
B. Documented lost wages and compensation to date                         $ _____
C. Documented property damages to date                                    $ _____
D. Reasonably anticipated future medical expenses                         $ _____
E. Reasonably anticipated lost wages and compensation to date             $ _____
F. Other documented items of damages (describe)                           $ _____

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Permanent nerve damage to right wrist resulting in permanent loss of function of parts of hand and fingers.

Total $ 125,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL    $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    Date: 6-3-13

A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### * CONTRACTS

| Code | Description | Track |
|---|---|---|
| A01 | Services, Labor and Materials | F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

### *TORT

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle Negligence personal injury/property damage | (F) |
| B04 | Other Negligence- personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-MedicaL | (A) |
| B07 | Malpractice-Other (Specify) | (A) |
| B08 | Wrongful Death, G.L. c.229, s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury- slip & fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth | (A) |

### * REAL PROPERTY

| Code | Description | Track |
|---|---|---|
| C01 | Land Taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

### EQUITABLE REMEDIES

| Code | Description | Track |
|---|---|---|
| D01 | Specific Performance of Contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L. c. 231A | (A) |
| D99 | Other (Specify) | (F) |

### MISCELLANEOUS

| Code | Description | Track |
|---|---|---|
| E02 | Appeal from Administrative Agency G.L. c. 30A | (X) |
| E03 | Claims against Commonwealth or Municipality | (A) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E07 | G.L. c.112, s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond, G.L. c. 149, ss. 29, 29a | (A) |
| E11 | Worker's Compensation | (X) |
| E12 | G.L.c.123A, s.12 (SDP Commitment) | (X) |
| E14 | G.L. c. 123A, s. 9 (SDP Petition) | |
| E15 | Abuse Petition, G. L. c. 209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, s. 11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry G.L. c. 178M, s. 6 | (X) |
| E25 | Plural Registry (Asbestos cases) | |
| E95 | **Forfeiture G.L. c. 94C, s. 47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes [ ] |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, **where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).**

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**